# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEE ELAINE SMITH** *Plaintiff* | CIVIL ACTION |
| | NO. 17-2661 |
| v. | |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security** *Defendant* | |

# ORDER

**AND NOW**, this 11th day of January 2019, upon a careful and independent consideration of the record and the *Report and Recommendation* issued on November 27, 2018, by the Honorable Elizabeth T. Hey, United States Magistrate Judge, [ECF 15], Defendant's objections to the Report and Recommendation, [ECF 16], and Plaintiff's response to Defendant's objections, [ECF 19], this Court finds that the record does not contain substantial evidence to support the Administrative Law Judge's ("ALJ") findings of fact and conclusions of law.[1] Therefore, it is hereby **ORDERED** that:

1. Defendant's objections are **OVERRULED**;

---

[1] In the report and recommendation, Magistrate Judge Hey essentially found that the Administrative Law Judge ("ALJ") failed to properly consider the medical evidence in the record, that this failure may have affected each of the ALJ's determinations at Step 3 of the sequential evaluation, and that a remand was warranted. Defendant objects to the remand as it, *inter alia*, "will consume precious resources for no discernable purpose," because during the claimed period of disability Plaintiff was working. At first blush, Defendant would appear correct. However, Defendant ignores the fact that the ALJ concluded, *albeit* in "utmost deference to the claimant," that the work Plaintiff performed was deemed "subsidized" and, therefore, was not considered substantial gainful employment. As noted by the Magistrate Judge, the ALJ "must consider all the evidence and give some reason for discounting the evidence she rejects." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993)). This Court agrees that a significant and unexplained void in the evaluation of the medical evidence exists and should be addressed. The social security regulations require consideration of all the evidence in the case and the severity of an individual's impairments. 20 C.F.R. § 404.1520(a)(3)-(4). Therefore, Defendant's objections are overruled. A remand is warranted to address the deficiencies noted in the report and recommendation.

2. The *Report and Recommendation* is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review is **GRANTED**; and

4. The matter is **REMANDED** to the Acting Commissioner of the Social Security Administration to direct the Administrative Law Judge to conduct additional proceedings consistent with the *Report & Recommendation*.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*